# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY MANUEL ESTRADA,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>GEORGE NEOTTI, Warden,<br><br>　　　　　　　　　Respondent. | Civil No.   10cv2014-DMS (CAB)<br><br>**ORDER SETTING BRIEFING SCHEDULE ON MOTION FOR STAY AND ABEYANCE** |

　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. On October 29, 2010, Petitioner filed a Motion for Stay and Abeyance. Petitioner requests this Court to stay his Petition until after the state supreme court has issued a ruling on unexhausted claims presented to that court in a state habeas petition filed on September 28, 2010. Although it appears the claims presented to the state court involve allegations of ineffective assistance of counsel, Petitioner does not articulate the claims with any specificity.

　　　The Court will notify Petitioner of the requirements for demonstrating that the stay and abeyance procedure is appropriate in this case. Petitioner shall file a brief in support of the Motion for stay and abeyance addressing these requirements no later than **December 6, 2010**. Respondent shall file a response to the Motion for stay and abeyance no later than **December 27, 2010**. Petitioner shall file his reply, if any, to the Respondent's brief no later than **January 10, 2011**.

In <u>Rhines v. Weber</u> 544 U.S. 269, 125 S.Ct. 1528 (2005) the Supreme Court held that District Courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. <u>Rhines</u>, 125 S.Ct. at 1534-35. The <u>Rhines</u> Court held that "a stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005) (quoting <u>Rhines</u>, 125 S.Ct. at 1535). The Court in <u>Jackson</u> noted that the <u>Rhines</u> holding applies to stays of mixed petitions, but that <u>Rhines</u> did not comment on the validity of the withdraw and and abeyance procedure approved of in <u>Calderon v. United States District Court (Taylor)</u>, 134 F.3d 981 (9th Cir. 1998) and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), where unexhausted claims are withdrawn from a mixed petition and the resultant fully-exhausted petition is held in abeyance while petitioner returns to state court to exhaust the unexhausted claims. <u>Jackson</u>, 425 F.3d at 661. Because <u>Jackson</u> involved a mixed petition, the Court held that <u>Rhines</u> directly controlled, and "left for another day the question of whether the stay standard announced by the Supreme Court in <u>Rhines</u> applies to our three-step stay-and-abeyance procedure." <u>Id.</u>

Irrespective of whether Petitioner's motion for stay is subject to the restrictions placed on this Court's discretion to issue a stay as set forth in <u>Rhines</u>, or is subject to the Ninth Circuit's withdraw and abeyance procedure, Petitioner must satisfy the criteria for issuance of a stay. Under either procedure **he must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust <u>and</u> that he is diligently pursuing his state court remedies with respect to those claims.** <u>Jackson</u>, 425 F.3d at 661; <u>Anthony v. Cambra</u>, 236 F.3d 568, 575 (9th Cir. 2000); <u>Taylor</u>, 134 F.3d at 987; <u>see also</u> <u>Kelly</u>, 315 F.3d at 1070. Petitioner shall address these concerns in his brief in support of his Motion. In addition, Petitioner should set forth facts in an attempt to demonstrate good cause for his failure to timely exhaust the state court remedies with respect to his unexhausted claims.

/ / /

/ / /

## CONCLUSION AND ORDER

**IT IS ORDERED** that Petitioner shall file a brief in support of his Motion for stay and abeyance no later than **December 6, 2010**, Respondent shall file a response to the Motion for stay and abeyance no later than **December 27, 2010**, and Petitioner shall file his reply, if any, to the Respondent's brief no later than **January 10, 2011**.

**IT IS SO ORDERED.**

DATED: November 2, 2010

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge